E. A. Miazza v. J. R. Yerger et al.

1. Trusts. *Statute of Frauds. Code 1871, § 2896. Violation of parol contract to purchase land.*
   M. filed a bill in equity against Y. and H., alleging that Y. undertook, promised and agreed, as her agent and attorney, to attend a sale of real estate under a trust deed, and bid in one-half of the property for the complainant, who had made arrangements to obtain from H. the money to pay for such interest; and that Y., instead of doing as he promised, bought the property for himself ·and had title made to himself instead of to the complainant. *Held*, that the agreement was within the Statute of Frauds, § 2896, Code 1871, and was not saved by the proviso in favor of trusts arising or resulting by implication of law out of a conveyance of land.

2. Chancery. *Amended bill. Must not change essential character of original bill.*
   It is right to refuse to allow an amended bill to be filed which changes the frame and essential character of the original bill.

APPEAL from the Chancery Court of Hinds County.

Hon. W. B. PEYTON, Chancellor.

This was a bill filed by Mrs. E. A. Miazza, to enforce a trust in certain real estate alleged to arise out of the contract mentioned in the opinion of the court. The arrangement to get the money from Mr. Helm, wherewith to make the purchase, and the agreement with Yerger to attend the sale and bid in one-half the property for her, were in anticipation of a trustee's sale of the property, which subsequently took place. The scope, structure and various prayers of the bill, all had reference to enforcing this trust. But there were enough allegations in the bill to show that the complainant, as widow of Angelo Miazza, deceased, had a dower interest in the property mentioned, which had been embarrassed by the trustee's sale, and possession thereunder by Helm and Yerger and their vendees, and there was a prayer for relief in regard to this dower interest.

The demurrers of the defendants to the original bill were sustained; and an amended bill was then offered with a motion to file it. The amended bill, by omitting all of the original bill, except the allegations and prayer as to dower, was made up of the latter with some formal additions, and thus, by combining certain allegations and one of the prayers of a bill to establish a trust in real estate, the complainant had framed a bill for equitable relief in regard to dower.

The Chancellor refused to allow the amended bill to be filed. Whereupon the complainant appealed, and here assigns for error, —

1. The action of the Chancellor in sustaining the demurrers of the defendants to the original bill.

2. The action of the Chancellor in refusing to allow the amended bill to be filed.

*D. P. Porter* and *J. A. Brown*, for the appellant.

1. The original bill was not multifarious. Its only object was to establish such right as Mrs. Miazza has in a single piece of property, the lots. She is entitled either to dower or a resulting trust, and, as incident to either, to the various discoveries and accounts which she asks. *Butler* v. *Spann*, 5 Cush. 234.

2. No fiduciary will be permitted to profit by a violation

of his duties. Yerger, the attorney of Mrs. Miazza, taking advantage of his fiduciary relation, put himself in her shoes in the contract which she had made with Helm, attended the sale as her attorney, purchased the one-half interest in the lots and had the deed made in his own name. Equity will raise a constructive trust, and compel him to convey to her the legal title, under the express exception in the Statute of Frauds. Code 1871, § 2896; *Page* v. *Page*, 8 N. H. 187; *Runnels* v. *Jackson*, 1 How. (Miss.) 358; *Regan* v. *Walker*, 1 Wis. 527; 3 Iowa, 527.

3. The widow, if not allowed to establish the trust, is entitled to the relief asked concerning her dower. A trust deed to secure a pre-existing debt, to which her signature and a false certificate of acknowledgment were procured by fraud, is on record. By a fraudulent sale under this trust deed, Helm and Yerger have the legal title and actual possession of the property. *Hinds* v. *Pugh*, 48 Miss. 275; *Lockhart* v. *Camfield*, 48 Miss. 489. As an incident, she is entitled in equity to an account for rents and profits, until her dower is assigned her. *Keith* v. *Trapier*, 1 Bailey Ch. 63; *Sellman* v. *Bowen*, 8 Gill & J. 50; *Todd* v. *Bailor*, 4 Leigh, 498. Equity has concurrent jurisdiction over dower, and will always exercise it where the widow applies for any equitable relief in regard to her dower. *Blain* v. *Harrison*, 11 Ill. 384; *Gano* v. *Gilruth*, 4 Green (Iowa), 453; *Herbert* v. *Wren*, 7 Cranch, 370; *Hawley* v. *James*, 5 Paige, 318; *Simonton* v. *Gray*, 34 Me. 50; *Potier* v. *Barclay*, 15 Ala. 439; *Kindall* v. *Trinble*, 1 Md. Ch. 143.

4. The amended bill, being the original bill with the matter of the trust, which was said to make it multifarious, stricken out, should have been entertained by the lower court. *Dent* v. *Wardell*, 1 Dickens, 339; *Smith* v. *Smith*, G. Coop. 141; *Mavon* v. *Dry*, 2 S. & S. 113; *Att'y-Gen.* v. *Cooper*, 3 M. & C. 258; *Monke* v. *Tankerville*, 10 Sim. 284; 9 Gratt. 1; 1 McCarter, 430; 50 Me. 271; 4 Paige, 638; *Tremain* v. *Hitchcock*, 23 Wall. 518.

*Frank Johnston*, for the appellees.

1. The alleged contract is within the Statute of Frauds, and parol evidence is not admissible to establish it. *Gibson* v. *Foote*, 40 Miss. 792; 1 Dickens, 44; *Bartlett* v. *Pickersgill*, 1 Cox, 15. Part performance of a parol contract in Mississippi will not entitle a party to relief. *Stevens* v. *Maguire*, 42 Miss. 731,

732; *Beaman* v. *Buck*, 9 S. & M. 210; *Box* v. *Stainford*, 13 S. & M. 93. The doctrine of resulting or implied trusts is limited to cases where the purchase-money is paid by one person, and the title taken in the name of another. Story Eq. 1201 *a;* Hill on Trustees, 91. And the money must be paid at the time of the purchase. *Gee* v. *Gee*, 32 Miss. 192; 4 Kent Com. 317; 16 Vt. 500. A party who did not advance the money, in the absence of a written agreement, cannot enforce the trust against the agent employed to purchase for such party, but who purchased at the sale in his own name. Hill on Trustees, 96; *Botsford* v. *Burr*, 1 Johns. Ch. 406; 3 Sugden on Vendors (6th Am. ed.), 180; *Moore* v. *Green*, 3 B. Mon. 407.

2. If Mrs. Miazza did not have a trust which attached to the land at the time of the sale, it follows that she is not entitled to any account for rents. 13 S. & M. 765. The matter of account against James R. Yerger is also incidental to the trust; and if the main part of the case falls, this must go with it. The same is true of all the specific relief asked in the original bill.

3. The amended bill makes an entirely new case, and could not, therefore, have been properly filed. The party should commence *de novo* on the dower theory. 4 S. & M. 294; 7 S. & M. 325; *Clark* v. *Hull*, 31 Miss. 520.

*Shelton* and *Shelton*, on the same side.

1. The original bill was properly dismissed because it was multifarious, stretching over every jurisdiction in the State, — dower (probate); trust (equity); accounts for money received (common law); set-off (common law); improvements on the property (common law); accounts for rents and profits (chancery or law).

2. The amended bill should not have been filed, because equity has no jurisdiction over the subject-matter of the amended bill.

The Probate Court is the proper tribunal to settle all matters of dower by the constitution and laws of Mississippi. It has been often held that equity has no jurisdiction over dower under our system. Const. of 1869, Code 1871, §§ 1291–1294; 35 Miss. 605; 26 Miss. 70; 43 Miss. 140; 30 Miss. 452; 50 Miss.

194 ; 3 How. 252 ; 7 How. 143 ; 5 S. & M. 112 ; 6 S. & M. 393 ; 11 S. & M. 164 ; 13 S. & M. 691 ; 31 Miss. 610 ; 40 Miss. 718.

CAMPBELL, J., delivered the opinion of the court.

We are satisfied that the several demurrers to the bill were properly sustained. We have given much attention to the question whether the bill states a case against Yerger which can be maintained. The charge made against him is that he "undertook, promised, and agreed, as her agent and attorney, to attend the sale and bid in one-half of said property" for the complainant, who had made arrangements to obtain from Mr. Helm the money to pay for such interest; and that Yerger, instead of doing as he promised, bought the property for himself, and had title made to himself instead of to the complainant. It is laid down, generally, by law-writers and judges, that, if one is employed to purchase for another and he purchases for himself, he will be held to be a trustee ; that no one can hold a benefit acquired by fraud or a breach of his duty ; that all the knowledge of the agent belongs to the principal for whom he acts ; and that, if the agent uses it for his own benefit, he will become a trustee for his principal. "If he takes a conveyance in his own name, he is a trustee *ex malefi-cio.*" Perry on Trusts, § 206, and cases cited.

Again, it is announced, in an equally authoritative manner and with decided emphasis, that no trust in land can be set up by mere parol agreement, that no trust results from the breach of a mere parol contract, and that parol proof cannot be received to establish a resulting trust in lands purchased by an agent, and paid for by his own funds, no money of the principal being used for the payment ; for the relation of principal and agent depends upon the agreement existing between them, and the trust in such a case must arise from the agreement and not from the transaction, and where a trust arises from an agreement, it is within the Statute of Frauds and must be in writing. Perry on Trusts, §§ 134, 135. The distinction which reconciles the apparent contradiction in the foregoing principles is between a claim that a trust arises from the transaction of one who sustains a fiduciary relation to the claimant, and a claim that it arises or results from an agreement between

the parties. Parol evidence is admissible to prove the transaction out of which a trust arises from the acts of a party. It is not admissible to prove an agreement by one to purchase land for another, for this would be to establish an express trust founded on contract and within the Statute of Frauds. Perry on Trusts, § 137; *Gibson* v. *Foote*, 40 Miss. 788.

It is plain that the appellant's assertion of right against Yerger to the land bought by him rests upon her allegation of the existence and the breach by Yerger of a parol agreement to attend the sale and buy the property for her. Such an agreement is not enforceable in the courts of this State, because it is in the teeth of the Statute of Frauds, and is not saved by the proviso. Code 1871, § 2896. The point is that the complainant's claim is not to a trust arising or resulting by implication of law, but to one created by express agreement.

The Chancellor rightly refused to allow the amended bill to be filed. It " would have changed the frame and essential character of the bill." *Clark* v. *Hull*, 31 Miss. 520. The decrees of the court below will be affirmed, but the bill will be dismissed without prejudice to any right of the complainant which she may hereafter assert.