BETTIE K. CLEARMAN ET AL. *v.* H. W. COTTON ET AL.

1. STATUTE OF FRAUDS. *Parol promise to reconvey lands.*

    Under the statute of frauds a parol promise to reconvey land is void, whether made before or after the conveyance to the promisor.

2. PLEADING. *Cancellation. Imposition on grantor.*

    In a bill by the grantor to cancel a deed for the fraudulent representations of the grantee in obtaining it, the facts showing imposition on the grantor must be clearly and distinctly alleged. The false representations must be as to facts existing, or alleged to exist, at the time; not mere promises or conjectures relating to the future. This is true, even of a voluntary conveyance.

FROM the chancery court of Noxubee county.

HON. WARREN COWAN, Chancellor, presided by interchange.

This is an appeal from a decree sustaining a demurrer to a bill, which seeks to enforce a parol agreement to reconvey land; or, failing in this, to obtain a cancellation of the deed made at the time of the agreement to reconvey, on the ground of fraudulent representations made by the grantee.

The material allegations of the bill are in substance as follows: That John W. Cotton, the grandfather of complainants, died in 1867, the owner of certain land, including that involved in this suit; that his widow, the defendant, H. W. Cotton, became administratrix of his estate, and this land was set apart as her dower; that the said John W. Cotton left three children, John A. Cotton, M. J. Cotton, and Mrs. Taylor, the mother of complainants, said John A. Cotton being a minor; that in March, 1868, H. W. Cotton represented to her daughters, Mrs. Taylor and M. J. Cotton, that, as the negroes had been freed, and their brother John was quite small and delicate, it might probably be necessary for her to dispose of some land for his maintenance and education, and that, having only a life estate, she could not sell to advantage unless they would first convey to her their interest in the reversion; that she said she would use the title so obtained only to enable her to support and educate their brother during his minority, promising also that in case she should not be compelled to sell the land during his

minority, she would reconvey their interest to them as soon as John should become of age ; that Mrs. Taylor and M. J. Cotton were then young and inexperienced, and relied implicitly on their mother in all matters, and believed these representations, and were thereby induced to execute a deed to her for their interest in the land without any further consideration ; that, without this deed the income of the property of their mother and brother, if properly managed, was amply sufficient to maintain and educate the latter, but this fact was not known to the grantors ; that the said representations were made by H. W. Cotton for the sole purpose of obtaining the title in fee to a two-thirds interest in the lands, and that in securing the deed she practiced an imposition and a fraud on said grantors ; that it did not become necessary to sell any part of said land for the support and education of said John A. Cotton, and that he has long since arrived at his majority ; that after he became of age, the said H. W. Cotton was induced to comply with her promises, so far as to reconvey to M. J. Cotton her interest in said land, this being done December 11, 1885 ; that said H. W. Cotton now holds the interest conveyed to her by Mrs. Taylor, and refuses to reconvey it.

The bill is filed by complainants, the heirs of Mrs. Taylor now deceased. The prayer is in the alternative for a decree compelling a reconveyance, or for a cancellation of the deed as having been obtained by fraud and imposition.

The complainants, declining to amend on demurrer sustained, prosecute this appeal.

*Rives & Rives*, for appellants.

Considering the relationship that existed between the parties, the representations that were made, and the confidence that the grantors had in Mrs. Cotton, their mother, the demurrer should certainly have been overruled, because, under the facts, appellants were entitled, at least, to cancellation of the deed. It is inequitable for Mrs. Cotton to hold it. *Dickerson* v. *Mays*, 60 Miss. 388.

It is a principle too well settled to require citation of authorities that no one shall be permitted to use the statute of frauds in order to perpetrate a fraud.

This case is clearly distinguishable from *Jordan* v. *Moore*, 65 Miss. 229, cited by opposite counsel. 'Tis true there is no written declaration of trust, but here there was imposition practiced on the grantors by a grantee, who occupied a position of trust and influence. In *Jordan* v. *Moore* this court said : " We do not ignore or deny the proposition that a court of chancery will not permit a fraud to be consummated by reliance upon the statute of frauds, as when one takes advantage of a relation of trust or confidence." Certainly under the reasoning of that case, appellants are entitled either to a reconveyance or cancellation. This is clearly a case of trust *ex meleficio*, and the statute of frauds does not apply. Pomeroy's Eq., § 1055.

*J. E. Rives*, for appellant, argued the case orally.

*Bogle & Bogle*, for appellees.

The allegations of fraud are insufficient to justify any relief. As to the promise of Mrs. Cotton to use the land only for the support and education of the minor, and to reconvey to the daughter if the sale did not become necessary, there is no allegation that she did not, at the time she made the promise, intend to carry it out. So far as the allegations of the bill go, the promise was made in good faith. In this view of the case there could be no fraud in the promise to reconvey, unless the failure to carry out a parol agreement of that kind is of itself a fraud. If that is such a fraud as authorizes the court to interfere, the statute of frauds is a nullity. But this court has held that a failure to comply with a verbal agreement to convey land is not such a fraud as authorizes equity to interfere. *Jordan* v. *Moore*, 65 Miss. 229.

Then the only fraud charged is the representation that it might become necessary to sell some of the land for the education and support of the minor. That was not a statement of fact, but a conjecture of what might become necessary or convenient in the future—a conjecture that appeared reasonable at the time. A fraudulent representation must be of an existing fact, and it should be a statement likely to impose upon one exercising common prudence. *Sawyer* v. *Prickett*, 19 Wall. 160.

The promise to reconvey is clearly within the statute of frauds.

If there had been an allegation that Mrs. Cotton, at the time of making this promise did not *intend* to carry it out, but made it for the *purpose* of deceiving and defrauding the grantor, and that it was relied on by the grantor, and the inducement to the conveyance, then it might probably be considered such a fraud as would take the case out of the statute; but the bill contains no such allegation. The fraud must co-exist with the conveyance—must infect it at its execution. *Jordan* v. *Moore* is decisive of this case. See, also, *Leman* v. *Whitley*, 4 Russ. 423.

The pleader attempted to show that the parties occupied a confidential relation, such as would prohibit the grantee accepting the conveyance; but no such case is made out.

It is also alleged that the grantors were of "tender years," yet it appears that the ancestor of complainant, Mrs. Taylor, was over twenty-one years of age and married, and had the protection of her husband, who joined in the deed. We are at a loss to understand what is meant by the term "tender years,"—what limit it has, if it applies here.

CAMPBELL, J., delivered the opinion of the court.

The bill is not maintainable on the parol promise averred, because of the statute making it void; and it does not show such fraud as to entitle to a cancellation of the deed. 90 Am. Dec. 277.

*Affirmed.*