SAMUEL R. PATTON ET AL. *v.* SARAH E. PINKSTON ET AL.

1. WILLS. *Bequest. Suit by legatees. Equity. Jurisdiction.*
   Legatees may sue in equity and recover upon a cause of action specifically bequeathed to them, if there be no executor of the will and the estate of the testator owe no debts, and the right will not be denied:
   (*a*) Because of the possibility that the funeral expenses of the testator and the costs of probating his will are unpaid; nor
   (*b*) Because one of the legatees refused to join as a complainant in the suit, and consequently was made a defendant thereto.

2. SAME. *Constructive trust. Code* 1892, *§* 2763. *Statute of limitation.*
   A defendant who, having received money from a testator in his lifetime to invest for his benefit, invested it in lands for defendant's own benefit, without the testator's knowledge, holds the lands as a constructive trustee for the legatees to whom the right was bequeathed, and a suit to enforce the trust will not be barred until the ten years' statute of limitations applicable to trusts, Code 1892, § 2763, shall have fully run.

FROM the chancery court of, first district, Panola county. HON. JULIAN C. WILSON, Chancellor.

Mrs. Pinkston and others, the appellées, were complainants, and Patton and others, the appellants, defendants in the court below. From a decree in complainants' favor the defendants appealed to the supreme court. The facts are stated in the opinion of the court.

*Shands & Shands,* for appellants.

As a general rule, an executor or administrator is always necessary to take charge of, collect, and disburse the personal assets of a decedent. *Marshall* v. *King,* 24 Miss., 85; *Browning* v. *Watkins,* 10 Smed. & M., 485; *Hickox* v. *Frank,* 102 Ill., 660.

It will be presumed in every case that an administrator is necessary unless facts are shown making an exception to the general rule. *Ansley* v. *Baker,* 65 Am. Dec., 136.

Where the heirs or legatees attempt to proceed without an administration, the burden of proof is upon them to show that there is no necessity for an administration. *Bowen* v. *Stewart,* 128 Ind., 507.

Where there is a debt due the estate by a third person, or a third person who has property of the estate in his hands which he refuses to turn over, an administrator is necessary Croswell on Executors and Administrators, 13; *Duggee* v. *Taylor,* 60 Ala., 504; *Baird* v. *Brooks,* 21 N. W., 163.

Where there are creditors of the estate, an administration is necessary. 11 Am. & Eng. Ency. Law (2d ed.), 742, sec. 3, and cases in note.

True, complainants allege that "Emmons owed no debts at the time of his death," but there is no allegation that his estate owes no debts; and, as appears from the will, made a part of the bill, he expressly makes his funeral expenses a debt and a charge upon his estate, and there is no allegation that these have been paid or that there were none. And then it appears from the bill that the will was probated, and the court will judicially notice that there were costs, which were charges upon the

estate incident to the probate, and there is no allegation that these costs have. been paid by any one.   The bill then proceeds to state that there is no necessity for an administration, this, of course, being a conclusion of law, not a fact well pleaded, and therefore not admitted by our demurrer.   In the very next breath complainants proceed to show that they cannot sue for and recover this amount, for they allege that all of the property of the said decedent is specifically disposed of by his will, leaving no fund out of which to pay debts, except by cutting down the specific legacies—if the legacies, in fact, be specific.   Complainants' allegation should have been that the estate owed no debts.

But not only is an administration necessary where the estate owes debts, but also · where there is a debt due the estate for which a suit has to be brought (see authorities cited above); and the fact that this suit is brought at all is conclusive against complainants on this ground.

Complainants' right to sue for and recover this money, if they ever had any, became barred by the statute of limitations before the institution of this suit.

*L. F. Rainwater,* and *W. E. Boothe,* for appellees.

As a general rule, an executor or administrator is necessary where there are debts due from the testator or intestate, but when there are no debts owing by the testator or intestate; or when no necessity for an administration is shown, distributees or legatees may sue.   *Wood et ux.* v. *Ford,* 29 Miss., 57; *Farris Heirs* v. *Graves,* 4 Smèd. & M., 707; *McRea* v. *Walker,* 4 How., 455; *Rabb* v. *Griffin,* 26 Miss., 579; *Archer* v. *Jones,* 26 Miss., 583; *Hill* v. *Boyland,* 40 Miss., 642; *Ricks* v. *Hilliard,* 45 Miss., 359; *Stauffer* v. *B. & A. Mort. Co.,* 77 Miss., 127; *Traweek* v. *Kelly,* 60 Miss., 656.

In the two last-cited cases the court announces the rule as well settled that when the intestate owes no debts and there is therefore no necessity for an administration, the distributees

may sue in equity to recovery debts due the intestate. If a distributee may maintain a suit in equity to recover debts due the intestate, as clearly announced in the cases cited, *supra,* then it must necessarily follow that a legatee may also maintain a suit in equity to recover a debt due to his testator, especially when that debt is specifically bequeathed to the party suing. If there be any difference in the application of the rule, the advantage would be with the latter.

Neither the three nor the six years' statute has any application to this controversy. This is a case of an express trust, and therefore is barred only after ten years from the time the right of action accrued. Code 1892, § 2763.

Argued orally by *A. W. Shands,* for appellants.

Cox, J., delivered the opinion of the court.

Mrs. Sarah E. Pinkston and Samuel W. Emmons, complainants below and appellees here, in their bill against Samuel R. Patton and Julia A. Patton and W. A. Gage & Co., who are appellants here, allege that complainants and said Julia A. Patton, being the wife of said Samuel R. Patton, are the children and only heirs at law and distributees of Franklin Emmons, deceased, who died in 1904; that said Franklin Emmons left a last will and testament, which has been duly probated, naming one J. B. Boothe as executor, who has failed and refused to qualify, and that no letters testamentary or of administration have been applied for or issued; that at the time of his death the said Franklin Emmons owed no debts and had no debts due him, as far as complainants can ascertain, except as set out in said bill, and no necessity exists for any administration, all of his property having been specifically devised; that some time in 1895 the said Franklin Emmons turned over to said Samuel R. Patton, husband of his said daughter, Julia A. Patton, with whom he then resided and with whom he continued to reside until his death, in 1904, certain moneys de-

scribed in said bill, with the understanding and agreement that the said Samuel R. Patton should lend or invest said moneys for the benefit and in the name of said Franklin Emmons, and that the income, or so much thereof as might be necessary for that purpose, should be used in paying the living expenses of said Franklin Emmons; that said Samuel R. Patton, instead of investing said money in the name and for the benefit of said Franklin Emmons, as he agreed to do, intermingled the same with his own funds and those of his wife, and invested them in his own name and that of his wife, all of which was unknown to Franklin Emmons until some time in 1898; that said Samuel R. Patton failed and refused to render any account of the manner in which he invested said money to Franklin Emmons, and refused to render any account thereof to complainants. Certain lands are described in the bill, in which it is charged that said Samuel R. Patton invested a portion of the money of said Franklin Emmons, as above set out, taking title as to part to his wife, the said Julia A. Patton, and as to part to himself. As to a certain lot, of which title was taken to his wife, it is charged that he executed a trust deed in favor of defendants, W. A. Gage & Co., his wife not joining in the trust deed. The bill further alleges that by his last will and testament, which is made an exhibit to the bill, the said Franklin Emmons specially devised and bequeathed to complainants and their sister—the defendant, Julia A. Patton—the principal and interest of the fund so held in trust by said Samuel R. Patton in equal parts, and directed that the same be collected from him. The will itself recites that "it is my will that my expenses for board and clothing for the term of years that I have been living in the home of said S. R. Patton be first paid to him out of the proceeds of said crops of cotton (ten bales) and out of the principal and interest of the amount in his hands, and that the remainder of said sum of money be recovered and divided equally between my three children—Julia, Sallie, and Samuel. The bill prays that an

account be taken and stated as to the amount due complainants from the said Samuel R. Patton, and as to expenses due said Patton on account of the said Franklin Emmons; that a decree be rendered for the sum so found to be due, and that the same be declared a lien upon the real estate described in the bill, and that the same be sold to pay whatever sum may be found due. The bill concludes with a prayer for general relief. Defendants demurred, and their demurrer was overruled, from which action they have appealed to this court.

The first ground of demurrer urged is that complainants have not made out any title to the relief sought, but that the suit should have been instituted by an administrator *cum testamento annexo.* We do not think there is any merit in this contention. The bill shows that no letters have been issued and that there are no debts. This court has held repeatedly that in such a case administration is not necessary, but that the distributees may sue in equity in their own names to recover a debt due the intestate. If this may be done by the distributees of an intestate, by parity of reason it may also be done by legatees to whom a specific debt or demand has been given. Nor will this right be defeated by the possibility that the funeral expenses and cost of probate of will are outstanding charges against the estate. Even if these charges are yet due by the estate, the creditors would not be injured by giving complainants the relief sought in their bill. As was aptly said in *Ricks* v. *Hilliard,* 45 Miss., 363, 364: "A recovery by them does not cut off creditors or put them in a worse predicament than they were before."

We do not concur in the contention of appellants' counsel that the bill should not be entertained because one of the legatees to whom Franklin Emmons bequeathed the demand sought to be enforced in the suit, Mrs. Julia A. Patton, is not a complainant, but appears as a party defendant to the suit. We fail to see what difference this can make. The bill is rich in equity. The right to the relief sought is clear. All the parties in interest

are before the court. It is too refined and technical to say that the court is without power to grant the proper relief because, notwithstanding all the parties in interest are before the court, they do not all appear on the same side of the case. In *Wood v. Ford,* 29 Miss., 57, a similar case, the jurisdiction of the court was sustained on demurrer, although one of the distributees was a defendant against whom complainant prayed relief; and in *Rabb* v. *Griffin,* 26 Miss., 579, there was a like condition, with like result. The jurisdiction of the equity courts are as full now as when these cases were tried, and their powers are ample to do complete justice between co-distributees or co-legatees in a case where one may deny the right or resist the demands of the others.

There is no merit in appellants' contention that complainants' suit is barred by the six-year period of limitation. The case made by the bill shows a constructive trust in favor of the legatees of Franklin Emmons in the land described in the bill, and is subject to the ten-year period of limitation prescribed by Code 1892, § 2763.

*Affirmed and remanded, with leave to answer within sixty days from filing of mandate in court below.*