ETHEL MABRY CAMPBELL ET AL. *v.* HENRIETTA C. BRIGHT
ET AL.

STATUTE OF FRAUDS.   *Contract to convey land.*   *Code* 1892, § 4225 (*c*).

> Under Code 1892, § 4225 (*c*), providing that an action shall not be
> brought to charge a defendant upon any parol contract for
> the sale of lands, a parol agreement by the beneficiary in a trust
> deed, who contemplated bidding in the land at a sale under
> the deed, to convey the same to the grantor on his paying the
> indebtedness secured by the deed within a specified time, is not
> enforceable.

FROM the chancery court of Lee county.

HON. WILLIAM J. LAMB, Chancellor.

Mrs. Bright and others, appellees, were complainants in the
court below; Mrs. Campbell and another, appellants, were de-
fendants there.   From a decree favorable to complainants the
defendants appealed to the supreme court.

The bill sought to specifically enforce a parol agreement by
which the purchaser of land at a trustee's sale under a deed of
trust promised, shortly before the sale, to recover the land to the
grantor in the deed upon the payment to him, within a specified
time, of the debt secured by the deed of trust.   The bill was
demurred to as being within the statute of frauds, but the court
below overruled the demurrer.

*W. D. Anderson,* and *C. P. Long,* for appellants.

The question involved is solvable by the following authorities:
*Clearman* v. *Cotton,* 66 Miss., 467 (s.c., 6 South. Rep., 156);
*More* v. *Jordan,* 65 Miss., 235 (s.c., 3 South. Rep., 737);
*Ragsdale* v. *Ragsdale,* 68 Miss., 92 (s.c., 8 South. Rep., 315);
*Moore* v. *Crump,* 84 Miss., 612 (s.c., 37 South. Rep., 109);
*Howland* v. *Blake,* 97 U. S., 624; *Miazza* v. *Yerger,* 53 Miss.,
135; *Rutland* v. *Brister,* 53 Miss., 683.

*W. L. & S. P. Clayton,* for appellees.

The principle underlying a constructive trust, or trust *ex maleficio,* as it is sometimes called, is based on estoppel. Although the agreement or contract is, under the statute of frauds, unenforceable directly, still a court of equity will hold the grantee estopped—not to deny the contract, but to assert his title acquired in such a manner—and will not allow the grantee to set up the statute in support of his title. A court of equity, in other words, will hold the grantee estopped by his fraud in securing the property and constitute him a trustee, for the benefit of the grantor, as a convenient means of correcting the fraud.

In order that such a trust may exist, it is unnecessary that any confidential relationship should exist. 15 Am. & Eng. Ency. Law (2d ed.), 1186.

WHITFIELD, C. J., delivered the opinion of the court.

This case falls precisely within the cases of *Miazza* v. *Yerger,* 53 Miss., 135, and *Clearman* v. *Cotton,* 66 Miss., 467 (6 South. Rep., 156).

*Reversed, and bill dismissed.*