Maria Robinson *v.* Sarah J. Strauther.

[64 South. 724.]

1. Discovery. *Statement of cause of action. Trust. Constructive trust. Resulting trust. Implied trust. Code 1906, section 3125. Limitation of actions.*

  A bill in chancery is not a fishing bill, but states a proper case for discovery, where it alleges that complainant, the mother of defendant's intestate delivered to the intestate her money, rents, and other personal property upon an agreement that he would invest the same for her benefit and account to her whenever demanded. That she never asked for an accounting during the lifetime of the intestate. That her son, the intestate, invested

the money and rents received by him in personal and real estate and took the title in his own name. That she is unable to describe the property in which she has an equitable interest and prays for an inspection of the books and accounts kept by her son, the intestate, which show the profits of the business and a description of the property into which her investment entered and which books and papers are in· the hands of defendant.

2. SAME.

Such a state of facts shows a trust. This trust is implied from the delivery, receipt and use of the funds and management and control of the investment thereof and in such case it is immaterial whether the trust be called resulting trust or constructive trust.

3. SAME.

A resulting trust is raised by equity to carry out the presumed intention of the party as a result of whose act the trust arises. A constructive trust is raised by equity to effect the ends of· justice and to frustrate a possibly fraudulent intention of the parties whom equity makes trustees against their will.

4. LIMITATION OF ACTIONS. *Enforcement. Code 1906, section 3125.*

The ten year statute of limitations contained in Code 1906, section 3125 applies to the trust involved in this suit.

APPEAL from the chancery court of Washington county. HON. E. N. THOMAS, Chancellor.

Suit by Maria Robinson against Sarah J. Strauther. From a decree sustaining a demurrer to the bill, complainant appeals.

The facts are fully stated in the opinion of the court.

*Walton Shields,* for appellant.

The chancery court in which an estate is being administered has jurisdiction to hear and determine all demands against it of every kind by creditors under section 554 of Miss. Code of 1906. The original and amended bill states that the complainant (appellant) has a claim against the estate of which the defendant (appellee here) is administratrix because of the allegations; that the

decedent in his lifetime borrowed from complainant (appellee here) certain sums of money and acting as her agent collected for her certain sums of money which he agreed to invest for complainant's benefit and for which he agreed to account to her.

It is also alleged that the decedent invested these moneys for complainant's benefit in lands and personal property, the title to which he took in his own name and that the defendant (appellee here) inherited this property from him, but that because of the facts stated in said bill, in equity said property belongs to complainant, or complainant has a right in equity to fasten a lien thereon for the reasons stated, and for this reason the widow, the owner of the property by inheritance, is made a party to the bill. The same can be said of the allegations with reference to the investments by the decedent of the profits in the business (which belonged to complainant) in the property, the title to which he took in his own name.

Whether the statute of limitations of ten years, as provided in section 3125 of Miss. Code of 1906, in cases of express trusts, or the statute of three years, applies in this case (and we contend that the statute of ten years applies), clearly a great portion of the claim set out in the bill is still not covered by the bar of the statute of limitation.

The bill clearly shows that the moneys advanced to decedent were not a gift but were advanced with the express agreement that the said decedent was to account to complainant therefor.

It is immaterial whether the demand is legal or equitable so far as the demurrer is concerned. The bill, however, shows a plain case of equitable demand to which the ten-year statute should apply. See *Patton* v. *Pinkston,* 86 Miss. 651.

We respectfully submit that the demurrers to both the original and amended bills should have been overruled and the defendants (appellees) should have been required to answer.

*Watson & Jayne,* for appellee.

Where a son purchases land with money furnished by his mother and takes title in his own name, the money will be presumed to be a gift or advancement, and hence a resulting trust in favor of the mother, and against the person purchasing the land from the son with knowledge of the facts, can only be established by clear and satisfactory evidence.

Plaintiff gave her son money with which to buy a lot and the latter took a conveyance in his own name, although the vendor knew the money was furnished by the mother; but the deed was not recorded and was afterwards returned to the vendor, who repaid the purchase money to the son. Plaintiff testified that her son promised to help her improve the lot if she purchased it, but requested it to be conveyed to him so that it would become his property, and that she consented thereto, but told him it would not belong to him unless he helped to improve it. Held not sufficient evidence to establish a resulting trust in the lot in favor of plaintiff. 60 N. E. 56.

"Where a son purchases a farm, and takes title in his own name, with funds furnished to him by his mother for that purpose, without any agreement or understanding as to how the title was to be taken, or as to any interest of the mother in the land, and when the mother, with full knowledge of the facts, speaks of and treats the farm for many years as belonging to her son, and makes no complaint to him, or to others regarding the title, but acquiesced in what had been done, after the death of the son, it will be presumed that the deed conformed to the intentions of the parent and a resulting trust in favor of the mother will not be inferred." 64 Pac. 599.

We submit that the above authorities, in addition to warranting the decision of the court on that ground of the demurrer which alleged that any money advanced was as a gift or advancement, also sustains clearly the

position that there can be no resulting trust in this property. The only trust that could be established, of course, would be a resulting trust as there is no claim whatever of an express trust. In support of the position that there would be no resulting trust, we refer the court to the following authorities: "To establish a resulting trust where one employs the money of another in the purchase of real estate, and where there is no valid agreement to purchase the property with the trust money, it is necessary that the money at the time of the purchase, was the fund of the party claiming it, and that it was used in the purchase of the property."

"Where the money was loaned by the wife to her husband to be paid, principal and interest, or invested in real estate for the use of the wife, and the husband subsequently promised verbally to purchase real estate to the amount of money received by him, and take the title in the name of the wife. Afterwards the husband purchased certain lands, which he was able to make alone through the money received from his wife, and took the title in his own name. Held: That these allegations were not sufficient to establish a resulting trust in favor of the wife, or her heirs in the lands purchased, and that the special promise did not create an express trust, because not in writing." 40 Miss. 788.

Resulting trust purchased with another's money: If a son, to whom his mother has intrusted money to complete the purchase of a tract of land for her, takes the title in his own name and then exchanges it for other lands with her consent, he holds the newly-acquired lands as trustee for her benefit. 57 Miss. 471.

In this case it will be observed that the conditions requisite for the purchase money trust were complied with, the loan being definite and certain and the agreement that the title should be taken in the name of the mother. In the case at bar none of these conditions appear.

Trust delivery of notes to third party for benefit of others. To create a trust in personal property, of the

nature of a promissory note, it is essential that the property be delivered to the trustee with the purpose and intent of passing the legal estate to him, and vesting him with absolute control over the property, even as against the person creating the trust, subject only to the declared purpose of the trust, and if such person reserved to himself or herself the power to control the property and only vests in the trustee a possession without any intention of vesting the property in him, but simply for the purposes of constituting him an agent to do certain acts, no trust will be created. 22 N. W. 217.

This case, of course, covers only the personal property involved in this controversy. As to the bar of trust by the statute we refer the court to the authorities quoted in George's Digest, page 481, sections 43, 44 and 45. There is no allegation of fraud in the instant case.

REED, J., delivered the opinion of the court.

Appellant, the mother of John W. Strauther, filed her bill in equity against appellee, his widow, and the administratrix of his estate, to recover property and money which appellant claims to be entitled to by reason of having intrusted to her son certain money and property for his management and investment for her benefit. Demurrers were filed to the original and to the amended bills, and sustained. We state the case as it is contained in the amended bill.

John W. Strauther died in October, 1910, intestate and childless, leaving his widow, the appellee, as his sole heir at law. She qualified as the administratrix of his estate. Appellant in due time probated her claim for the amount owing her by Strauther, five thousand five hundred and eighty-seven dollars, against his estate. She alleged that about the 1st of July, 1899, at the request of her son, she turned over to him certain personal property and money aggregating three hundred and sixty-five dollars upon the agreement that he was to use the same

in his unde. .aking business in the city of Greenville and account to her therefor whenever she demanded, and pay to her when she required him to do so one-half of the profits arising out of the business. He succeeded in business, and large profits were derived therefrom, which were assets of his estate at the time of his death.

Appellant, in her bill, alleged that she owned certain houses in the city of Greenville, the rents from which were collected by her son, as her agent, upon the agreement that he would invest the same for her benefit, and that he would manage and control the investments from the rents, and account to her whenever demand was made by her. The exact amount of the rent of each of the houses is stated, the total of which amounted to five thousand three hundred and two dollars. She further alleged that on different dates during the years 1904, 1905, 1907, 1908, and 1909 she turned over to her son certain amounts aggregating five hundred and sixty dollars upon agreement and understanding that he was to invest the same, and manage and control the investment for her benefit, and was to account to her upon her demand.

Appellant stated that she only needed a small part of the sums of money received by her son for her, and only obtained from him the total amount of six hundred and thirty-two dollars; that she did not make any demand upon her son for accounting; that she was an old woman, and could not handle the money as safely as it could be handled by her son for her benefit; that the sums turned over to him and collected by him from rents were invested by him for her benefit in personalty and in real estate in Washington county; and that the title to the real estate and to the personal property was taken by her son in his own name.

Appellant charges that, though the title was in his name at the time of his death, in equity the property belonged to her, either wholly or in proportion the amount of her investment bears to the amount of other funds

invested therein. Appellant further charges that, never having asked her son for an accounting, she does not know what the investments made by him for her consisted of, and she is unable to give a description of the real estate in Washington county, now claimed by appellee to be a part of her son's estate, in which she has her equitable interest. She filed as Exhibit A to her original bill a description of certain real estate owned by her son in that county in which she claims money and profits belonging to her were invested, and which she claims in equity belongs in whole or in part to her.

She avers that she expected her son to outlive her, and she fully trusted him to carry out all the requests made in her will, and that she therefore made no demand upon him to account to her for the moneys invested, nor for the profits in the business and property, nor for a deed to her interest in the real estate purchases; that he died suddenly, and appellee, his widow and sole heir, and the administratrix of his estate, took possession of all of his property, and claims to own the same absolutely; that his estate is solvent and amply able to meet her demands; that appellee has in her possession all books, deeds, and papers of her son, showing the profits of the business and description of the property into which her investments entered; and that she cannot obtain the information needed to show what she is entitled to, except from these books, deeds, and papers.

Appellant, in her bill, prays for an inspection of copies of the accounts, deeds, and papers, and for discovery by appellee of all the estate, real and personal, owned by Strauther. She also prays that a commissioner may be appointed to state an account of the moneys collected and invested for her benefit, and her share of the profits of the business and the investment thereof, and that she may be decreed owner of such property to the extent of the investment of her funds, that appellee may be required to pay over to appellant the full amount shown

to be due her from the estate upon an accounting, and that a lien may be fixed upon all interests inherited by appellee from her husband, John W. Strauther, for the payment thereof. The bill concludes with a prayer for general relief.

It is assigned as a ground of demurrer, and argued in the brief of appellee, that the property and money turned over by appellant to John W. Strauther, her son, were only a gift, and that he could not, therefore, be deemed her trustee for the handling thereof; that because of the relationship of the parties such a disposition of the property would be presumed to be a gift. This contention is fully answered by the allegations of the bill. It is therein clearly alleged that the money and property was delivered to him for investment for appellant's benefit.

It is also argued that the demurrer should be sustained on the ground that the bill in this case is a fishing bill. We do not see that this is so. We understand that a bill in equity is a fishing bill when it seeks a disclosure upon "general, loose, and vague allegations." Black's Law Dictionary. In the bill before us we find the allegations to be clearly and definitely stated. In the material allegations there is no uncertainty. The bill sets forth the facts with such particularity as the circumstances of the case permit. We deem this a proper case for discovery. In order to maintain her rights and her title to property, appellant seeks a disclosure of facts resting in the knowledge of appellee and the production of deeds and writings in her possession. This should entitle appellant to discovery.

It is contended that the facts in this case are not sufficient to show a trust, and that, therefore, there was no relation of trustee between Strauther, the son, and appellant, his mother. It will be seen that it is definitely alleged in the bill that Strauther received from appellant personal property, proceeds of rents and other funds, for the purpose of use and investment for the benefit of

appellant, and that by the agreement under which he received such property and funds for such investment he was to manage and control the investments for her benefit, and account to her therefor. Certainly, in equity, this constitutes Strauther a trustee of appellant.

The facts in this bill show a trust. This trust is implied from the delivery, receipt, and use of the funds and management and control of the investment thereof. It is immaterial in this case whether we call the trust a resulting trust or constructive trust. In Hawley & McGregor on Real Property, p. 367, we find this statement of the law touching a trust such as in this case: "An implied trust in land arises when the holder of the legal title to the land owes such a duty to another to use that particular land for the benefit of the other as a court of equity will enforce." And following this the same authors, in showing the distinction between resulting trusts and constructive trusts, give the following definitions: "A resulting trust is raised by equity to carry out the presumed intention of the party as a result of whose act the trust arises." "A constructive trust is raised by equity to effect the ends of justice and to frustrate a possibly fraudulent intention of the parties whom equity makes trustees against their will."

We take the following definition for constructive trusts from Black's Law Dictionary: "A trust raised by construction of law, or arising by operation of law, as distinguished from an express trust. Wherever the circumstances of a transaction are such that the person who takes the legal estate in property cannot also enjoy the beneficial interest without necessarily violating some established principle of equity, the court will immediately raise a constructive trust, and fasten it upon the conscience of the legal owner, so as to convert him into a trustee for the parties who in equity are entitled to the beneficial enjoyment"—citing Hill Trustees, 116; 1 Spence, Eq. Jur. 511; *Nester* v. *Gross,* 66 Minn. 371, 69

N. W. 39; *Jewelry Co.* v. *Volfer,* 106 Ala. 205, 17 So. 525, 28 L. R. A. 707, 54 Am. St. Rep. 31.

Perry on Trusts & Trustees (6 Ed.), section 27, says: "A constructive trust is one that arises when a person clothed with some fiduciary character, by fraud or otherwise gains some advantage to himself. Courts construe this to be an advantage for the *cestui que trust* or a constructive trust." It is stated in 2 Words and Phrases, p. 1476, that "constructive trusts are raised by equity for the purpose of working out right and justice." It is further stated in 2 Words and Phrases, p. 1477: "Constructive trusts are of three kinds, or arise from one or the other of three conditions of fact: First, trusts arising from actual fraud; second, trusts which arise from a constructive fraud; and, third, trusts which arise from some equitable principle independent of the existence of fraud"—citing *O'Bear Jewelry Co.* v. *Wolfer,* 106 Ala. 205, 17 So. 525, 529, 28 L. R. A. 707, 54 Am. St. Rep. 31.

While it appears to us that the trust arising in this case comes within the definition of a constructive trust, still, as we have said, we deem it immaterial whether we call the trust a resulting or constructive trust, because we conclude that it is clear from the facts of the case that there is an implied trust. Touching this ·we commend the following, taken from Hawley & McGregor on Real Property, page 369: "And whether a particular trust is to be classed as a resulting or constructive trust is of no possible consequence. But it is of consequence that a lawyer should have clear notions of the principles on which equity raises an implied trust, whether it is called a resulting or a constructive trust, because it is the underlying and fundamental principles by which the result of any particular litigation is finally determined. It is a too frequent error to suppose that our law is a correctly articulated skeleton, rather than a living, breathing, growing body. As is luminously explained by Blackstone, decided cases are evidence of what the law is, but

the evidence of any particular case is not conclusive. The law itself is a current flowing with the stream of human life, and the decisions can only be considered as straws and driftwood tending to show in which direction the current is flowing.''

In the case of *Patton* v. *Pinkston,* 86 Miss. 651, 38 So. 500, it was decided that ''a defendant who, having received money from a testator in his lifetime to invest for his benefit, invested it in lands for defendant's own benefit, without the testator's knowledge, holds the lands as a constructive trustee for the legatees to whom the right was bequeathed, and a suit to enforce the trust will not be barred until the ten-year statute of limitations applicable to trusts (Code 1892, section 2763) shall have fully run.''

Appellant is in the right court. It is the province of equity to intervene and aid a party in the recovery of property in which he has a beneficial interest and to which he is in justice entitled.

The statute of limitations applicable in this case is contained in section 3125 of the Code of 1906. *Patton* v. *Pinkston, supra.* The demurrer should have been overruled.

*Reversed and remanded.*

SMITH, C. J., expressed no opinion.