Brown, State Land Commissioner v. Alexander et al.

[79 South. 842, Division A.]

1. TRUSTS. *Resulting trust. Furnishing price of land.*

Where a mother gave money to her illegitimate son to purchase land, with the understanding that title to the land should inure to her benefit, and that he would execute a deed to her, and the mother lived with the son on the land before her death; and spent money in improving it; in such case, the son held the land in trust for his mother, and at her death, she had not lost the right thereto on account of any laches on her part.

2. ESCHEAT. *Interest of illegitimate child.*

Where a mother, at her death, left three children surviving her, one illegitimate and the other two legitimate, her property descended to each of her three children in equal parts under Code of 1906, section 1655, so providing, but upon the death of the illegitimate child. intestate, his one-third interest escheated to the state, the Code of 1906, section 1655 (Hemingway's Code, section 1387) not providing for inheritance by legitimate from illegitimate children.

APPEAL from the chancery court of Smith county. HON D. M. RUSSELL, Chancellor.

Bill by M. A. Brown, State Land Commissioner, against W. H. Alexander and others, wherein cross-bill was filed. From a decree for defendants on their cross-bill, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*T. R. Foster* and *Earl N. Floyd,* for appellant.

*Watkins & Watkins,* for appellees.

SMITH, C. J., delivered the opinion of the court.

Appellant exhibited a bill in the court below, alleging that James H. Gardner died intestate, without legal heirs, seised and possessed of certain land, and praying

that it be decreed to have escheated to the state. Defendants filed an answer and cross-bill, in which they alleged, in substance, that they were children born in lawful wedlock of Mrs. —— Gardner, deceased, and that James H. Gardner, deceased, was an illegitimate son of Mrs. Gardner, born after the death of her husband; that the land in controversy was purchased by James H. Gardner with money belonging to his mother, given to him for that purpose, with the understanding that the title should inure to her benefit and that he would execute her a deed thereto; that their mother lived with James H. Gardner on the land for a number of years prior to her death, and spent other money belonging to her in improving the property; that James H. Gardner failed to make his mother a deed to the land, and that he died two or three years after her death without having made any disposition thereof; that by reason of these facts James Gardner held the title to the land in trust for his mother; and the prayer of the cross-bill is that appellees be decreed to be the sole heirs of their mother, and the legal owners of the land.

A demurrer was interposed to this cross-bill, and overruled, and, upon the appellant declining to plead further, a decree was entered for appellees in accordance with the prayer of their cross-bill. Under the allegations of the cross-bill, James H. Gardner held the land in trust for his mother, Mrs. —— Gardner. *Soggins* v. *Heard,* 31 Miss. 426; *Kelly* v. *Mills,* 41 Miss. 267; *Miazza* v. *Yerger,* 53 Miss. 135; *Robinson* v. *Leflore,* 59 Miss. 148; *Barton* v. *Magruder,* 69 Miss. 462, 13 So. 839.; *Wilson* v. *Hoffman,* 104 Miss. 743, 61 So. 699; *Robinson* v. *Strauther,* 106 Miss. 754, 64 So. 724. And at her death she had not lost her right thereto on account of any laches on her part. *Comans* v. *Tapley,* 101 Miss. 203, 57 So. 567, Ann. Cas. 1914B, 307. Upon her death the land descended to each of her three children in equal parts (section 1655, Code of

1906; section 1387, Hemingway's Code), so that at his death James H. Gardner owned a one-third interest therein. James H. Gardner, however, died without legal heirs; counsel for appellees very properly admitting that section 1655, Code of 1906 (section 1387, Hemingway's Code), does not provide for inheritance by legitimate from illegitimate children.

The demurrer of the cross-bill was properly overruled, but the decree of the court should have vested in appellees only a two-thirds interest in the land and the remaining one-third, of which James H. Gardner died seised and possessed, should have been awarded to the state; consequently the decree will be reversed, and a decree entered here in accordance with the foregoing views.

*Reversed, and decree entered.*